DOCKETED
MAR 21 2003

FILED
MAR 20 2003
Judge Blanche M. Manning
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. **98 CR 923** |
| ) | |
| MOHAMED S. OMAR ) | JUDGE BLANCHE M. MANNING |

### POST-CONVICTION AGREEMENT FOR A DOWNWARD DEPARTURE TO AN AGREED SENTENCE

By this Post-Conviction Agreement for a Downward Departure to an Agreed Sentence, the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, MOHAMED S. OMAR, and his attorney, KEVIN E. MILNER, have agreed upon the following:

1. Defendant acknowledges that he has been convicted after a jury trial of Count One - racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d), and Count Two - narcotics conspiracy, in violation of Title 21, United States Code, Section 846, of the Sixth Superseding Indictment.

2. Defendant agrees that the sentencing guidelines calculations in the Presentence Investigation Report are correct and that, therefore, the guideline sentence applicable to defendant is mandatory life imprisonment.

3. Defendant agrees that he will not seek a downward departure from the guideline sentence of mandatory life imprisonment.

4. Defendant is aware that Title 28, United States Code, Section 1291 affords a defendant the right to appeal his conviction, and Title 18, United States Code, Section 3742 affords a defendant the right to appeal a sentence. In exchange for the concessions made by the government in this agreement, defendant knowingly waives the right to appeal his conviction and any sentence on the grounds set

forth in Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, or on any ground whatever. The defendant also waives his right to challenge his conviction and sentence in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except as to issues of ineffective assistance of counsel in the negotiation of this waiver.

5. At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation, and shall move the Court, pursuant to Sentencing Guideline Section 5K1.1, to depart downward from the applicable guideline sentence of mandatory life imprisonment and to impose the agreed sentence of thirty (30) years of imprisonment. Defendant understands that the Court is not a party to this agreement and that the decision to depart downward from the applicable guidelines sentence of life imprisonment and impose the agreed 30 year sentence rests solely with the Court.

6. Defendant acknowledges that he has read this agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this agreement.

AGREED THIS DATE: 3/20/03

PATRICK J. FITZGERALD
United States Attorney

BRIAN P. NETOLS
Assistant United States Attorney

JOHN R. LAUSCH
Assistant United States Attorney

MOHAMED S. OMAR
Defendant

KEVIN E. MILNER
Attorney for Defendant

2