JOSEPH JEROME MIEDZIANOWSKI
Reg. No. 11502-424
Federal Correctional Institution
2600 South Second Street
Post Office Box 5000
Pekin, IL 61555-5000
309-346-8588

**FILED**

FEB 1 0 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

DEFENDANT PRO SE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 98-CR-923-1 |
| | ) |
| JOSEPH JEROME MIEDZIANOWSKI, | ) Hon. Thomas Durkin |
| | ) United States District Judge |
| Defendant. | ) |

## MOTION TO REDUCE SENTENCE PURSUANT TO § 404 OF THE FIRST STEP ACT OF 2018

COMES NOW the defendant, JOSEPH JEROME MIEDZIANOWSKI, pro se, and respectfully moves the Court to reduce his sentence pursuant to § 404 of the First Step Act, Pub.L. 115-391, 132 Stat. 5194, § 404 (2018).

### JURISDICTION

This Court has jurisdiction to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(B).

### BACKGROUND

On December 22, 2000, the defendant was indicted in the Northern District of Illinois for a RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to distribute 5 kilograms of more of mixtures containing cocaine and 50 grams or

more of mixture containing cocaine base in violation of 21 U.S.C.
§§ 841(a)(1), 841(b)(1), 841(b)(1)(A)(iii), and 846 (Count 2);
Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 & 2 (Count
3); distribution of cocaine in violation of 21 U.S.C. §
841(a)(1)(B) (Counts 4 & 8); use of firearm in relation to a drug
trafficking crime in violation of 18 U.S.C. § 924(c) (Count 5);
distribution of cocaine in violation of 21 U.S.C. § 841(a)(1)(C)
(Count 6); fraud in violation of 18 U.S.C. § 1343 (Count 7);
possession of stolen ammunition in violation of 18 U.S.C. §
922(j) (Count 9); and, possession of a specified weapon in
violation of 26 U.S.C. § 5861(d) (Count 10).  The defendant was
sentenced to life imprisonment on Counts 1 and 2 of the sixth
superseding indictment, and sentenced to a term of five years
imprisonment on Counts 3, 4, 6 through 10 of the sixth
superseding indictment.  The sentences as to 1, 2, 3, 4 and 6
through 10 of the superseding indictment shall run concurrently,
and the defendant was sentenced to five years imprisonment on
Count five of the superseding indictment to run consecutive to
all other counts.  The defendant was sentenced to supervised
release for three years on Counts 3, 6, 7, 9 and 10 of the
superseding indictment, and five years on Counts 1, 2, 4 and 8 of
the superseding indictment.  Supervised released as to Counts 5
is not applicable.

On April 23, 2001, the jury found defendant guilty on Count
2 of "a conspiracy to distribute or to possess with intent to
distribute 5 kilograms of cocaine or more" and "conspiracy to
distribute or to possess with intent to distribute 50 grams of
cocaine base or more" in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1), 841(b)(1)(A)(iii), and 846. <u>See</u> Attachment 1. The indictment charged in Count 2 "5 kilograms or more of mixtures containing cocaine and 50 grams of mixtures containing cocaine base." <u>See</u> Attachment 2. Defendant was sentenced to life imprisonment on Counts 1 and 2. The sentence was enhanced from 10 years to life to life imprisonment based on a findings of the Court as to the amount of drugs in the conspiracy. It is not the underlying conduct that controls eligibility for relief, but the statutory weight charged in the indictment.

## LAW

The defendant respectfully moves for a reduction of sentence pursuant to the First Step Act. The Court's authority to apply the First Step Act is found in 18 U.S.C. § 3582(c)(1)(B), which, in relevant part, provides: "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B). The First Step Act allows the Court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010" had been "in effect at the time the covered offense was committed." First Step Act of 2018, 115 Pub. L. 391, § 404(b), 132 Stat. 5194 (enacted Dec. 21, 2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010. <u>Id</u>. at § 404(a).

The Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger certain statutory mandatory minimum and maximum sentences. Section 2 amended 21 U.S.C. §

JOSEPH JEROME MIEDZIANOWSKI
Reg. No. 11502-424
Federal Correctional Institution
2600 South Second Street
Post Office Box 5000
Pekin, IL 61555-5000
309-346-8588

**FILED**

FEB 1 0 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

DEFENDANT PRO SE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 98-CR-923-1 |
| | ) | |
| JOSEPH JEROME MIEDZIANOWSKI, | ) | Hon. Thomas Durkin |
| | ) | United States District Judge |
| Defendant. | ) | |

### MOTION TO REDUCE SENTENCE PURSUANT TO
### § 404 OF THE FIRST STEP ACT OF 2018

COMES NOW the defendant, JOSEPH JEROME MIEDZIANOWSKI, pro
se, and respectfully moves the Court to reduce his sentence
pursuant to § 404 of the First Step Act, Pub.L. 115-391, 132
Stat. 5194, § 404 (2018).

### JURISDICTION

This Court has jurisdiction to reduce defendant's sentence
pursuant to 18 U.S.C. § 3582(c)(1)(B).

### BACKGROUND

On December 22, 2000, the defendant was indicted in the
Northern District of Illinois for a RICO conspiracy in violation
of 18 U.S.C. § 1962(d) (Count 1); conspiracy to distribute 5
kilograms of more of mixtures containing cocaine and 50 grams or

more of mixture containing cocaine base in violation of 21 U.S.C.
§§ 841(a)(1), 841(b)(1), 841(b)(1)(A)(iii), and 846 (Count 2);
Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 & 2 (Count
3); distribution of cocaine in violation of 21 U.S.C. §
841(a)(1)(B) (Counts 4 & 8); use of firearm in relation to a drug
trafficking crime in violation of 18 U.S.C. § 924(c) (Count 5);
distribution of cocaine in violation of 21 U.S.C. § 841(a)(1)(C)
(Count 6); fraud in violation of 18 U.S.C. § 1343 (Count 7);
possession of stolen ammunition in violation of 18 U.S.C. §
922(j) (Count 9); and, possession of a specified weapon in
violation of 26 U.S.C. § 5861(d) (Count 10).  The defendant was
sentenced to life imprisonment on Counts 1 and 2 of the sixth
superseding indictment, and sentenced to a term of five years
imprisonment on Counts 3, 4, 6 through 10 of the sixth
superseding indictment.  The sentences as to 1, 2, 3, 4 and 6
through 10 of the superseding indictment shall run concurrently,
and the defendant was sentenced to five years imprisonment on
Count five of the superseding indictment to run consecutive to
all other counts.  The defendant was sentenced to supervised
release for three years on Counts 3, 6, 7, 9 and 10 of the
superseding indictment, and five years on Counts 1, 2, 4 and 8 of
the superseding indictment.  Supervised released as to Counts 5
is not applicable.

On April 23, 2001, the jury found defendant guilty on Count
2 of "a conspiracy to distribute or to possess with intent to
distribute 5 kilograms of cocaine or more" and "conspiracy to
distribute or to possess with intent to distribute 50 grams of
cocaine base or more" in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1), 841(b)(1)(A)(iii), and 846. See Attachment 1. The indictment charged in Count 2 "5 kilograms or more of mixtures containing cocaine and 50 grams of mixtures containing cocaine base." See Attachment 2. Defendant was sentenced to life imprisonment on Counts 1 and 2. The sentence was enhanced from 10 years to life to life imprisonment based on a findings of the Court as to the amount of drugs in the conspiracy. It is not the underlying conduct that controls eligibility for relief, but the statutory weight charged in the indictment.

**LAW**

The defendant respectfully moves for a reduction of sentence pursuant to the First Step Act. The Court's authority to apply the First Step Act is found in 18 U.S.C. § 3582(c)(1)(B), which, in relevant part, provides: "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B). The First Step Act allows the Court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010" had been "in effect at the time the covered offense was committed." First Step Act of 2018, 115 Pub. L. 391, § 404(b), 132 Stat. 5194 (enacted Dec. 21, 2018). A "covered offense"is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010. Id. at § 404(a).

The Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger certain statutory mandatory minimum and maximum sentences. Section 2 amended 21 U.S.C. §

841(b)(1)(A)(iii) to replace 50 grams or more threshold with 280 grams or more and also amended 21 U.S.C. § 841(b)(1)(B)(iii) to replace the 5 grams or more threshold to 28 grams or more.

Count 2 of the indictment charged defendant with an offense involving 50 grams or more of crack cocaine. At that time, his statutory mandatory sentence was 10 years to life. If the Fair Sentencing Act is applied "as if" it had been in effect at the time of sentencing, with no prior felony drug convictions, his statutory mandatory sentence would be 5 to 40 years.

It is not defendant's underlying conduct that controls his eligibility for relief, but the statutory weight charged in the indictment. Nearly every court which has addressed the issue agrees with defendant--eligibility for relief under the First Step Act is determined by the amount of drugs charged in the Indictment, not the amount found by the Court at the time of sentencing. See United States v. Cross, No. 04-CR-1090-11, 2019 U.S. Dist. LEXIS 132274 (N.D. Ill. Aug. 7, 2019) (This court finds the weight of authority persuasive and adopts the reasoning of cases holding eligibility under § 404(b) of the First Step Act is determined with reference to the offense charged); United States v. Martinez, No. 04-CR-48-20 (JSR), 2019 U.S. Dist. LEXIS 98220, 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) (noting that most courts to address the issue have found edibility to be determined by amount charged in indictment); see also, e.g., United States v. Dodd, 372 F.Supp.3d 795, 797 (S.D. Iowa 2019) (noting that "the First Step Act . . . applies to offenses and not conduct"); United States v. Powell, 360 F.Supp.3d 134, 139 (N.D. N.Y. 2019) (holding defendant eligible for relief because

841(b)(1)(A)(iii) to replace 50 grams or more threshold with 280 grams or more and also amended 21 U.S.C. § 841(b)(1)(B)(iii) to replace the 5 grams or more threshold to 28 grams or more.

Count 2 of the indictment charged defendant with an offense involving 50 grams or more of crack cocaine. At that time, his statutory mandatory sentence was 10 years to life. If the Fair Sentencing Act is applied "as if" it had been in effect at the time of sentencing, with no prior felony drug convictions, his statutory mandatory sentence would be 5 to 40 years.

It is not defendant's underlying conduct that controls his eligibility for relief, but the statutory weight charged in the indictment. Nearly every court which has addressed the issue agrees with defendant--eligibility for relief under the First Step Act is determined by the amount of drugs charged in the Indictment, not the amount found by the Court at the time of sentencing. See United States v. Cross, No. 04-CR-1090-11, 2019 U.S. Dist. LEXIS 132274 (N.D. Ill. Aug. 7, 2019) (This court finds the weight of authority persuasive and adopts the reasoning of cases holding eligibility under § 404(b) of the First Step Act is determined with reference to the offense charged); United States v. Martinez, No. 04-CR-48-20 (JSR), 2019 U.S. Dist. LEXIS 98220, 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) (noting that most courts to address the issue have found edibility to be determined by amount charged in indictment); see also, e.g., United States v. Dodd, 372 F.Supp.3d 795, 797 (S.D. Iowa 2019) (noting that "the First Step Act . . . applies to offenses and not conduct"); United States v. Powell, 360 F.Supp.3d 134, 139 (N.D. N.Y. 2019) (holding defendant eligible for relief because

4

"[t]he drug type and quantity used to set the statutory range under the First Step Act of 2018 is the quantity charged in the indictment and found by a jury beyond a reasonable doubt"); United States v. Allen, No. 3:96-CR-00149-RNC-3, 2019 U.S. Dist. LEXIS 70739, 2019 WL 1877072, at *2-4 (D. Conn. Apr. 26, 2019) (finding eligibility determination by amount charged in indictment, not amount found at sentencing hearing). In 2013, the Supreme Court made clear that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Alleyne v. United States, 570 U.S. 99, 103 (2013).

In the case of United States v. Williams, 2019 U.S. Dist. LEXIS 144080 (N.D. Ill. Aug. 25, 2019), the Court held "the straightforward reasoning of "offense" is that it refers to the offense of conviction, not the defendant's related conduct. To the extent that there is ambiguity, the rule of lenity would kick in and require an interpretation in favor of the defendant."

The Court of Appeals for the Eighth Circuit held "[t]he First Step Act applies to offenses, not conduct, . . . and it is [Defendant's] statute of conviction that determines his eligibility for relief." United States v. McDonald, 944 F.3d 769 (8th Cir. Dec. 11, 2019).

The Court of Appeals for the Fourth Circuit in United States v. Wirsing, 943 F.3d 175 (4th Cir. Nov. 20, 2019), recently addressed the question whether eligibility is determined by the statute charged in the indictment or the quantity attributed to the defendant as relevant conduct. Ultimately, the Fourth Circuit held as follows:

We hold that . . . Defendant's statute-of-conviction

> theory of eligibility is correct. Our position accords
> with that of the majority of appellate courts that have
> considered these questions implicitly or without deciding
> them. It is also in line with the consensus view among
> district court.

*Wirsing*, 2019 U.S. App. LEXIS at 17.

### A. Count One charged a RICO violation.

The Court imposed a life sentence on Count One for violation

of 18 U.S.C. § 1962(d) based on the imposition of a life sentence

on Count Two. The Court imposed a life sentence on Count Two

for violation of conspiracy to distribute 5 kilograms or more of

cocaine, and 50 grams or more of cocaine base. In the case of

United States v. Maupin, 2019 U.S. App. LEXIS 27180 (4th Cir.

Sept. 9, 2019), which case is identical to defendant's, the court

held:

> The maximum penalty for RICO conspiracy is determined
> by the maximum penalty for racketeering activity. 18
> U.S.C. § 1963(a). Where the racketeering activity
> carries a maximum of life imprisonment, the RICO
> maximum penalty is also life. 18 U.S.C. § 1963(a).
> Otherwise, the RICO maximum is 20 years.

*Maupin*, 2019 U.S. App. LEXIS at 3 & n.1. The court went on to

hold:

> A defendant therefore may be eligible even if he was
> convicted under a statute other than those directly
> amended by Sections 2 and 3 of the Fair Sentencing Act
> . . . . The same is true of a defendant convicted
> under RICO, provided that the defendant's statutory
> maximum was increased to life as a result of the
> racketeering activity involving cocaine base that
> would no longer carry a maximum penalty of life
> imprisonment.

*Maupin*, 2019 U.S. App. LEXIS at 9 & n.2. There is no question

the racketeering drug activity in Count One was the drug activity

in Count Two. The Court imposed a life sentence on Count One

based on the drug activity in Count Two. In light of the Fair

Sentencing Act, the maximum penalty that may be imposed on Count Two is 5 to 40 years imprisonment, not life as originally imposed. In light of Fair Sentencing Act, the maximum sentence that be imposed on Count One is 20 years imprisonment.

The defendant has been incarcerated well over 20 years. As Judge Leinenweber stated in United States v. Edwards, 2019 U.S. Dist. LEXIS 146571 (N.D. Ill. Aug. 8, 2019) "[t]he Court has repeatedly emphasized that if someone is not chastened by the prospect of several decades in prison, then it is unlikely he will be deterred by an additional time. See USA v. Hughes, No. 97-CR-670 (Citing U.S. Department of Justice, Five Things about Deterrence, (May 2016)"). Edwards, 2019 U.S. Dist. LEXIS at 9.

### POSITIVE FACTS

1.  The defendant has been in federal custody since 1998, and has maintained a clear conduct record during this period, and he has not incurred any type of disciplinary report. See Attachment 3. The defendant has no prior criminal record.

2.  The defendant has maintained a positive attitude during his period of incarceration. The defendant is not the same person who stood before the Court in 2003 for sentencing.

3.  The defendant has not used any type of controlled substances since being confined, and has never tested positive for a controlled substance.

4.  The defendant has completed over 40 educational, wellness, and vocational programs since being confined. See Attachment 4-11.

5.  The defendant has maintained fulltime employment since being confined, and has maintained an excellent work ethic which

will be beneficial when he is released. The defendant has consistently received outstanding work reports. The defendant is presently employed in the Food Service Department as a Clerk which job entails numerous responsibilities.

6.    The defendant is 66 years old, and 50 years of age is a time at which the United States Sentencing Commission opines that the likelihood of recidivism substantially declines. <u>See</u> Kim Steven Hunt & Bill Easley II, U.S. Sentencing Commission, <u>The Effects of Aging on Recidivism Among Federal Offenders</u>, 222 (2017).

7.    The defendant is well respected and maintains good rapport with both the staff and inmates.

8.    The defendant has two adult children and five grandchildren. The defendant has the love and support of his family members, as well as a place to live when he is released.

<div align="center"><b><u>CONCLUSION</u></b></div>

WHEREFORE, in the interest of justice, the defendant respectfully moves the Court to reduce his sentence to time served.

Respectfully submitted,

Joseph Jerome Miedzianowski
Defendant pro se

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury I placed a copy of the foregoing MOTION in the Prisoners Legal Mailbox at the Federal Correctional Institution at Pekin, Illinois, first class postage affixed, addressed to:

United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 61604

for the purpose of service herein. Executed at Pekin, Illinois, on this 03 day of February, 2020. 28 U.S.C. § 1746.

Joseph Jerome Miedzianowski

```
  PEKB2          *         INMATE DISCIPLINE DATA        *     01-28-2020
PAGE 001 OF 001 *    CHRONOLOGICAL DISCIPLINARY RECORD   *     12:21:33

REGISTER NO: 11502-424 NAME..: MIEDZIANOWSKI, JOSEPH JEROME
FUNCTION...: DIS      FORMAT: CHRONO    LIMIT TO ____ MOS PRIOR TO 01-28-2020
                     RSP OF: PEK-PEKIN FCI
```

```
G5401        DISCIPLINE DATA DOES NOT EXIST FOR THIS INMATE
```

Attachment 3

```
PEKB2          *        INMATE EDUCATION DATA        *     01-28-2020
PAGE 001       *              TRANSCRIPT             *     12:21:57


REGISTER NO: 11502-424    NAME..: MIEDZIANOWSKI       FUNC: DIS
FORMAT.....: TRANSCRIPT    RSP OF: PEK-PEKIN FCI


-------------------------  EDUCATION INFORMATION  -------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
PEK  ESL HAS    ENGLISH PROFICIENT       02-13-2003 1250 CURRENT
PEK  GED HAS    COMPLETED GED OR HS DIPLOMA 02-13-2003 1249 CURRENT


--------------------------  EDUCATION COURSES  ----------------------------
SUB-FACL   DESCRIPTION                    START DATE  STOP DATE EVNT AC LV  HRS
PEK        CRC JOB DEVELOPMENT            04-02-2019 05-21-2019  P  C  P   12
PEK        CRC PROFESSOR TEACHES FCI      01-28-2019 03-26-2019  P  C  P   12
PEK        CRC-SPANISH                    11-28-2018 01-23-2019  P  C  P   12
PEK        CRC MICROSOFT EXCEL            05-11-2018 06-30-2018  P  C  P   12
PEK        CRC TYPING INSTRUCTOR PLATINUM 03-02-2018 05-03-2018  P  C  P   12
PEK        CRC MICROSOFT ACCESS           08-17-2017 02-19-2018  P  C  P   12
PEK        COUNSELOR GRP BUILD COM SKILLS 08-24-2017 11-17-2017  P  C  P   30
PEK        CRC JOB DEVELOPMENT            06-22-2017 08-17-2017  P  C  P   12
PEK        CRC MONEY SMART                04-25-2017 06-15-2017  P  C  P   12


G0002      MORE PAGES TO FOLLOW . . .
```

Attachment 4

```
  PEKB2           *        INMATE EDUCATION DATA       *      01-28-2020
  PAGE 002         *              TRANSCRIPT            *      12:22:59


  REGISTER NO: 11502-424      NAME..: MIEDZIANOWSKI        FUNC: DIS
  FORMAT.....: TRANSCRIPT      RSP OF: PEK-PEKIN FCI
```

```
-------------------------- EDUCATION COURSES ----------------------------
SUB-FACL   DESCRIPTION                 START DATE  STOP DATE EVNT AC LV  HRS
PEK        CRC CAREER RESOURCE FCI     02-02-2017 04-20-2017  P  C  P   12
PEK        COUNSELOR GRP BUILD COM SKILLS 01-31-2017 04-04-2017  P  C  P   32
PEK        COUNSELOR GRP BUILD COM SKILLS 03-17-2016 06-07-2016  P  C  P   32
PEK        ANGER MGT COUNSELOR GROUP   10-07-2015 01-06-2016  P  C  P   12
PEK        COUNSELOR GRP BUILD COM SKILLS 10-14-2015 12-03-2015  P  C  P   17
PEK        NUTRITION CLASS - RECREATION 09-01-2015 09-10-2015  P  C  P    8
PEK        BENEFITS OF EXERCISE        10-07-2015 10-15-2015  P  C  P    4
PEK        COPING WITH STRESS          08-03-2015 08-17-2015  P  C  P    4
PEK        SPORTS INJURIES 2           07-14-2015 07-21-2015  P  C  P    4
PEK        SPORTS INJURIES 1           07-07-2015 07-14-2015  P  C  P    4
PEK        NUTRITION CLASS - RECREATION 06-02-2015 06-11-2015  P  C  P    4
PEK        COPING WITH STRESS          05-05-2015 05-17-2015  P  C  P    4
PEK        SPPED, AGILITY, AND QUICKNESS 04-07-2015 04-16-2015  P  C  P    4
PEK        NUTRITION CLASS - RECREATION 04-30-2015 05-07-2015  P  C  P    8


G0002      MORE PAGES TO FOLLOW . . .
```

Attachment 5

```
PEKB2            *        INMATE EDUCATION DATA         *      01-28-2020
PAGE 003         *             TRANSCRIPT               *      12:22:59
```

```
REGISTER NO: 11502-424    NAME..: MIEDZIANOWSKI          FUNC: DIS
FORMAT.....: TRANSCRIPT    RSP OF: PEK-PEKIN FCI
```

```
--------------------------- EDUCATION COURSES  ----------------------------
```

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|----------|-------------|------------|-----------|------|----|----|-----|
| PEK | BASIC WELLNESS CLASS | 03-03-2015 | 03-19-2015 | P | C | P | 8 |
| PEK | FCI REAL ESTATE | 01-08-2015 | 02-12-2015 | P | C | P | 6 |
| PEK | COPING WITH STRESS | 01-13-2015 | 01-30-2015 | P | C | P | 4 |
| PEK | BASIC WELLNESS CLASS | 12-23-2014 | 12-30-2014 | P | C | P | 6 |
| PEK | HEART SMART- ACE | 11-13-2014 | 11-20-2014 | P | C | P | 4 |
| PEK | SPORTS INJURIES 2 | 11-04-2014 | 11-06-2014 | P | C | P | 2 |
| PEK | BASIC MATH ACE | 09-04-2014 | 11-03-2014 | P | C | P | 12 |
| JES | TECHNICAL INVESTING 2 @ FCI | 10-09-2012 | 12-14-2012 | P | C | P | 18 |
| JES | GREETING CARD CLASS | 06-18-2012 | 09-12-2012 | P | C | P | 18 |
| JES | RPP#3 REAL ESTATE THU630-830PM | 06-27-2012 | 09-11-2012 | P | C | P | 18 |
| JES | TECHNICAL INVESTING AT THE FCI | 06-18-2012 | 09-12-2012 | P | C | P | 18 |
| JES | RPP#1 AIDS AWARENESS | 11-30-2011 | 11-30-2011 | P | C | P | 1 |
| TCN | UFO INVESTIGATIONS-DVD ACE | 05-12-2011 | 06-16-2011 | P | C | P | 9 |
| TCN | JEWELRY MAKING | 07-21-2010 | 09-03-2010 | P | C | P | 12 |

```
G0002      MORE PAGES TO FOLLOW . . .
```

Attachment 6

```
  PEKB2            *        INMATE EDUCATION DATA        *    01-28-2020
PAGE 004 OF 004 *                TRANSCRIPT              *    12:22:59


REGISTER NO: 11502-424      NAME..: MIEDZIANOWSKI          FUNC: DIS
FORMAT.....: TRANSCRIPT     RSP OF: PEK-PEKIN FCI


---------------------------  EDUCATION COURSES  ----------------------------
SUB-FACL    DESCRIPTION                  START DATE  STOP DATE EVNT AC LV  HRS
TCN         INMATE WELLNESS CLASS        04-14-2010 07-14-2010  P   C  P   32
TCN         DENTAL CARE - FCI            05-04-2010 05-04-2010  P   C  P    1




G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Attachment 7

# This Certifies That

# *Joe Miedzianowski*

### *has successfully completed training for*
### *Powered Industrial Trucks (OSHA 1910.178)*

**Course Date: January 26, 2009**
**Expiration Date: January 26, 2012**

Paul J. Ruano

_____
**Instructor**

Ron Hicks

_____
**R. Hicks, Occupational Safety and Environmental
Health Manager**

Attachment 9

**U.S. Department of Justice**

Federal Bureau of Prisons

BP–251(42)
JAN. 1987

**INMATE'S PHOTO**

USP LVN

U.S.P. Lewisburg
Institution

**INMATE DRIVER'S PERMIT**
and Identification Card

Miedzianowski    11502-424
(Name)                (Number)

This inmate is authorized to drive

a  Hyster E40 Forklift

GOOD ONLY ON THE RESERVATION

P. Ruane
Garage Foreman

Approved  S. Finley
Associate Warden

Previous editions not usable

# USP Lewisburg

## Hereby Certifies That

### Joseph Miedzianowski

*Has successfully completed training for*
*Fire Extinguisher Inspection & Annual Maintenance*
*(NFPA 10)*

*Ron Hicks*
_____
*Occupational Safety &*
*Environmental Health Manager*

*Paul J. Ruane II*
_____
*Instructor*

*Date: March 17, 2009*



# Certificate of Completion

May it be known that

**Joe Miedzianowski**

Has successfully completed

**Commercial Truck Driving (CDL)**

_Wayne Sutton_      9-11-12

W. Sutton, Supervisor of Education      Date

The enclosed letter w...        ...ocessed through
special mailing pr ...           ...or forwarding
to you. The letter ...           ...r been opened
nor inspected. If t...           ...aises a
question or proble               ...hich this facility
has jurisdiction, yo             ...ish to return the
material for further             ...tion or clarification.
If the writer enclose            ...pondence for
forwarding to anoth              ...ssee, please return
the enclosure to the             ...address.

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL®



⇔11502-424⇔
Joseph J Miedzianowski
#11502-424
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555
United States

7016 1970 0000 8097 9354



U.S. POSTAGE PAID
FCM LG ENV
PEKIN, IL
61554
FEB 03, 20
AMOUNT
**$0.00**
R2305K132350-31




UNITED STATES
POSTAL SERVICE®

1000        60604

Legal Mail

⇔11502-424⇔
Clerk Of The Court
US District Court
219 S Dearborn ST
Chicago, IL 60604
United States

RECEIVED
FEB 03 2020
FCI PEKIN
MAIL ROOM

02/10/2020-24

PC.
2020 FEB 10 AM 8:05