UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 98 CR 923 |
| v. | ) Honorable Virginia Kendall |
| | ) |
| JOSEPH JEROME MIEDZIANOWSKI, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS MOTION FOR REDUCTION OF SENTENCE PURSUANT TO § 404 OF THE FIRST STEP ACT OF 2018</u>**

Defendant, JOSEPH JEROME MIEDZIANOWSKI, by and through his attorney, Allison K. Muth, hereby supplements the Defendant's previously filed Motion to Reduce Sentence Pursuant to § 404 of the First Step Act of 2018, written and filed by Defendant Miedzianowski on February 10, 2010. The Defendant supplements this motion as follows:

Since the filing of Defendant's Motion for Reduction of Sentence Pursuant to § 404 of the First Step Act of 2018, there have been additional persuasive, if not binding decisions by the 7th Circuit and the Northern District of Illinois, Eastern Division. Notably, are the decisions in 7th Circuit, *United States v. Shaw*, 2020 U.S. App. LEXIS 13549 (Decided April 28, 2020), and in this District Court, *United States v. Jones*, 2020 U.S. Dist. LEXIS 63846 (Decided April 13, 2020), and *United States v. Taylor*, 2020 U.S. Dist. LEXIS 84322 (Decided May 13, 2020), *United States v. Clark,* 2020 U.S. Dist. LEXIS 65980 (Decided on Apr. 15, 2020), *United States v. McMahan*, 2020 U.S. Dist. LEXIS 68350 (Decided April 17, 2020), and *United States v. Clark*, 2020 U.S. Dist. LEXIS 65980 (Decided April 15, 2020) . Copies of these decisions have been attached as exhibits to

1

this supplemental motion for the Courts convenience. The defendant respectfully requests this Honorable Court to take judicial notice of these recent decisions.

I.     **DEFENDANT WAS CONVICTED OF A "COVERED OFFENSE" AND IS ELIGIBLE FOR A REDUCTION OF SENTENCE PURSUANT TO § 404 OF THE FIRST STEP ACT OF 2018**

The First Step Act, a Congressional Act enacted in 2018, gives a court discretion to reduce the sentence of a defendant previously convicted of a "covered offense." *See* Pub. L. No. 115-391, 132 Stat. 5194, § 404(a) (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties[1] for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). The offense must also have been "committed before August 3, 2010." *Id. United States v. Shaw,* 957 F.3d 734 (2020), 736, 2020 U.S. App. LEXIS 13549, at 2, Pub. L. No. 115-391 § 404. Once eligibility for relief under the First Step Act is determined, then relief under the First Step Act becomes discretionary.[2]

As recently decided in *United States v. Shaw,* a judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence? The first question, which concerns a defendant's eligibility for a sentence reduction, is governed by sections 404(a) and

---

[1] The Seventh Circuit recently joined other Circuit Courts of Appeals in concluding that the phrase "the statutory penalties for which were modified by section 2 or 3" refer to "Federal criminal statute," not to "a violation of a federal criminal statute." *United States v. Shaw*, Nos. 19-2067, 19-2069, 19-2078, 19-2117, __F.3d __, 2020 U.S. App. LEXIS 13549, 2020 WL 2029258 (7th Cir. Apr. 28, 2020).

[2] However, it should be noted that a court may not grant relief if a defendant previously had his sentence reduced in accordance with section 2 or 3 of the Fair Sentencing Act, or if the court previously considered and rejected the defendant's First Step Act motion on the merits. *Id.* § 404(c) United States v. Taylor, 2020 U.S. Dist. LEXIS 84332, *5-6

404(c) of the First Step Act. If a defendant is eligible for a reduction, then a court "may" impose a reduced sentence. But first, in order to determine eligibility for relief under the First Step Act, a judge must (1) examine the statute under which a defendant was charged, and (2) determine whether the statutory penalties for that offense were modified by the Fair Sentencing Act. *United States v. Shaw*, 957 F.3d 734, 738, 2020 U.S. App. LEXIS 13549, at 6[3].

In order to determine whether a defendant is eligible for a reduced sentence under the First Step Act, a court needs to look only at a defendant's statute of conviction, not to the quantities involved in the offense. Specifically, section 2 of the Fair Sentencing Act increased the weight of crack cocaine required to trigger the 10-year mandatory minimum from 50 grams to 280 grams, and increased the weight of crack cocaine to which the 5-year minimum sentence applied from 5 grams to 28 grams. *See* Pub. L. No. 111-220 § 2(a)(1)-(2).

The recent decisions in this District have likewise determined eligibility for relief under section 404 of the First Step Act by reference to a defendant's "statute of conviction—and specific drug quantities found beyond a reasonable doubt or admitted in a guilty plea"—"not

---

(1) [3] The key question in determining whether a defendant is eligible under Section 404 of the First Step Act is whether the "statutory penalties" for a defendant's "violation of a Federal criminal statute" were modified by Section 2 or 3 of the Fair Sentencing Act. Thus, the court must consider whether the statutory penalties associated with the defendant's violation of a federal criminal statute would have been different had Sections 2 and 3 of the Fair Sentencing Act been in effect. A defendant therefore may be eligible even if he was convicted under a statute other than those directly amended by Sections 2 and 3 of the Fair Sentencing Act. For example, a defendant may be eligible if he was convicted of a cocaine-base offense under 21 U.S.C. § 846 (attempt and conspiracy), so long as the quantity of cocaine base involved in the offense would no longer support the same statutory penalty range. *United States v. Maupin,* 2019 U.S. App. LEXIS 27180, at 9.

'actual conduct.'" [4] [5] United States v. Jones, 2020 U.S. Dist. LEXIS 63846, at 9-10. In sum, because "drug quantities set forth in a PSR or found by a judge at sentencing cannot increase the penalty for a crime," courts within this Circuit, when determining First Step Act eligibility, have refused to consider a drug quantity finding made only by the sentencing court. *Young*, 2019 U.S. Dist. LEXIS 218534, 2019 WL 6918279, [6] *United States v. Jones,* 2020 U.S. Dist. LEXIS 63846, 12-14.

---

[4] *United States v. Mitchell*, No. 06 CR 723-2, 2020 U.S. Dist. LEXIS 40150, 2020 WL 1139245, at *3 (N.D. Ill. Mar. 9, 2020) (Leinenweber, J.); *see also, e.g., United States v. Williams*, 402 F. Supp. 3d 442 (N.D. Ill. 2019) (Chang, J.); *United States v. Cross*, 397 F. Supp. 3d 1184 (N.D. Ill. 2019) (Gottschall, J.); *United States v. Wright*, No. 03 CR 362-2, 2019 U.S. Dist. LEXIS 119638, 2019 WL 3231383 (N.D. Ill. July 18, 2019) (Castillo, J.); *United States v. Booker*, No. 07 CR 843-7, 2019 U.S. Dist. LEXIS 103189, 2019 WL 2544247, at *2 (N.D. Ill. June 20, 2019) (Lefkow, J.) (listing cases). That is, the "court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010," *Cross*, 397 F. Supp. 3d at 1186 (quotation omitted), and refer to the "amount charged in the indictment," not the amount "attributed to him or her by judicial finding." *Booker*, 2019 U.S. Dist. LEXIS 103189, 2019 WL 2544247, at 3. Courts reach this conclusion as a matter of statutory interpretation and to avoid a constitutional question that could be raised by determining First Step Act eligibility based on a defendant's conduct rather than the offense with which he was charged. United States v. Jones, 2020 U.S. Dist. LEXIS 63846, 8-9

[5] The *Cross* case is illustrative. The court there interpreted the meaning of "covered offense" in section 404(a), explaining that in the criminal law context, the word "violation" refers to the "offense formally charged" and "of which the defendant was actually convicted." *Cross*, 397 F. Supp. 3d at 1187; [*10] *see also Williams*, 402 F. Supp. 3d at 446 (explaining that the Supreme Court has defined the term "offense" in the context of criminal restitution statutes to mean "the offense of conviction" not "all related otherwise criminal conduct"). And, the court continued, the "use of the phrase 'statutory penalties' and the reference to §§ 2 and 3 of the Fair Sentencing Act drive home the point that the statutory offense at conviction, not facts found at a later stage such as sentencing, controls § 404 eligibility." *Cross*, 397 F. Supp. 3d at 1187. This is because section 404 focuses on the statutory changes brought about by the Fair Sentencing Act, not the sentencing guidelines, and focusing on the statute of conviction rather than offense conduct avoids "references that might bring into play the sometimes elaborate fact finding process under the sentencing guidelines." *Id.*

[6] at 3; *see also Williams*, 402 F. Supp. 3d at 448 ("[B]y 2018 Congress knew that courts were no longer constitutionally permitted to impose mandatory minimums based solely on judicial factfinding at sentencing. Congress would not have expected federal [*13] courts to then double-down on those unconstitutional findings in applying the First Step Act.").
This court agrees with the weight of authority and finds Jones eligible for relief under section 404 of the First Step Act because the Fair Sentencing Act modified the penalties for the offense charged in his indictment. A jury convicted Jones of violating 21 U.S.C. § 841(a) based on his participation in the drug

In addition, Courts within this District have resentenced eligible defendants on all counts, rather than just the counts qualifying as covered offenses. *See, e.g., Mansoori*, 2019 U.S. Dist. LEXIS 211803, 2019 WL 6700166, at 3-4; *United States v. Biggs*, No. 05 CR 316, 2019 U.S. Dist. LEXIS 81509, 2019 WL 2120226, at 3-4 (N.D. Ill. May 15, 2019). *United States v. Jones*, 2020 U.S. Dist. LEXIS 63846, 14-15.[7]

In *United States v. McMahan*, for example, the defendant was subject to a statutory minimum of 20 years with a 21 U.S.C. § 851 enhancement. *Id*. And with an offense level of 44 and a criminal history category of 1, his guideline range was life imprisonment. *Id.* Judge St. Eve sentenced Mr. McMahan to 312 months on Counts I and III, to run concurrently, followed by ten years of supervised release. The court chose to depart from the guideline range to avoid a disparity with the sentence imposed on a co-defendant, who had been sentenced to 324 months but had a higher criminal history.

Similarly, in *United States v. Taylor*, Taylor was eligible for relief under section 404 of the First Step Act because the Fair Sentencing Act modified the penalty for the statute he was

---

distribution conspiracy, and, relying on the PSR, the Judge sentenced Jones under 21 U.S.C. § 841(b)(1)(A) after finding at least 1.5 kilograms of crack cocaine or 150 kilograms of powder cocaine chargeable to Jones. (Sentencing Tr. 9:15-18.) Because the conspiracy charged in the indictment did not specify the quantity of crack cocaine involved, nor did the jury make such a finding, a court sentencing Jones as if the Fair Sentencing Act had been in effect at the time of his offense would find that he is now subject to the penalties in 21 U.S.C. § 841(b)(1)(C) rather than the statutory mandatory minimums in § 841(b)(1)(A)—(B). *See Young*, 2019 U.S. Dist. LEXIS 218534, 2019 WL 6918279, at *2; *see also United States v. Mansoori*, No. 97 CR 63-9, 2019 U.S. Dist. LEXIS 211803, 2019 WL 6700166, at *3 (N.D. Ill. Dec. 9, 2019). Accordingly, the Fair Sentencing Act modified the statutory penalties for violating 21 U.S.C. § 841(a)(1) and Jones's conspiracy conviction is a "covered offense" under the First Step Act. *See Smith*, 2020 U.S. App. LEXIS 11048, 2020 WL 1698797, at *4 ("We ask [] whether [*14] 'the statutory penalties for' § 841(a)(1), the statute of conviction in this case, 'were modified by section 2 of the Fair Sentencing Act of 2010.' The answer is an obvious 'yes.'").

[7]

convicted of violating. Taylor's conviction was based, in part, on conspiring to possess with intent to distribute and to distribute 50 grams of crack cocaine. The jury specifically found that the government proved beyond a reasonable doubt that Taylor conspired to distribute at least 50 grams of a mixture containing cocaine base in the form of crack cocaine. In 2007, when the jury returned this verdict, the statutory penalty for distributing at least 50 grams of crack cocaine was a minimum of 10 years to a maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2006). Section 2 of the Fair Sentencing Act reduced the statutory penalties for 50 grams of cocaine to a lesser range of 5 to 40 years. 21 U.S.C. § 841(b)(1)(B). To be subject to the higher 10-year statutory minimum under current law, the jury would have had to find Taylor guilty beyond a reasonable doubt of distributing at least 280 grams of crack cocaine. 21 U.S.C. § 841(b)(1)(A). Accordingly, the Fair Sentencing Act modified the statutory penalty for Taylor's offense of conviction, and his is a covered offense within the meaning of section 404(a) of the First Step Act.[8]

In any case, the sentencing guideline range for Taylor's conspiracy conviction involving crack cocaine has, in fact, changed as a result of section 2 of the Fair Sentencing Act. Taylor was convicted of conspiring to distribute at least 50 grams of crack cocaine. Under the law as it existed prior to the Fair Sentencing Act, this quantity of crack cocaine meant that Taylor was

---

[8] That Taylor was sentenced under the career offender guidelines, U.S.S.G. § 4B1.1, rather than the guidelines normally applicable to drug offenses, *id.* § 2D1.1, the Court held that it does not affect his eligibility for relief. *See, e.g., United States v. Johnson*, No. 01 CR 543, 2019 U.S. Dist. LEXIS 104935, 2019 WL 2590951, at 4 (N.D. Ill. June 24, 2019) (reducing the sentence of a defendant sentenced under the career offender guidelines). Section 404(a) of the First Step Act specifies that covered offenses are statutory violations, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act. Pub. L. No. 115-391 § 404(a). Nothing in the language of the First Step Act defines eligibility in relation to the U.S. sentencing guidelines.

subject to a statutory maximum sentence of life imprisonment. The career offender table assigns this offense statutory maximum a base offense level of 37. Now, however, a quantity of 50 grams of crack cocaine is subject to the statutory penalties in 21 U.S.C. § 841(b)(1)(B), mandating a maximum term of 40 years, and even with Taylor's career offender guideline, the range based on crack cocaine thus dropped from 360 months-to-life, down to 262-to-327 months.[9]

The jury, on April 23, 2003, found Miedzianowski guilty on count II of the sixth superseding indictment, with respect to a conspiracy to distribute or to possess with intent to distribute 5 kilograms of cocaine or more, and conspiracy to distribute or to possess with intent to distribute 50 grams of cocaine base or more. The statutory penalties have changed for the amount of cocaine base, from 50 grams or more to 280 grams or more to impose the minimum statutory sentence of 10 years to life, to 5 to 40 years. Therefore, his conviction is a "covered offense" within the meaning of section 404(a) of the First Step Act.

---

[9] Moreover, as the District of Connecticut explained, when a conspiracy involves both crack and powder cocaine, the Government could have charged the defendant with two counts of violating 21 U.S.C. §§ 841(a)(1) and 846 instead of one. *Luna*, 2020 U.S. Dist. LEXIS 14545, 2020 WL 464778, at *2. In that situation, the "conviction based on powder cocaine undoubtedly would not be a 'covered offense' under the First Step Act because the Fair Sentencing Act did not modify the penalties for a crime involving five kilograms of powder cocaine." *Id.* But in that same situation, the "conviction based on crack cocaine undoubtedly *would* be a 'covered offense' under the First Step Act because the Fair Sentencing Act *did* modify the penalties for a crime involving 50 grams or more of crack cocaine." *Id.* And, the court concluded, the "availability of First Step Act relief cannot be so fickle; it cannot turn on how the government charged a case or drafted an indictment." *Id.* Otherwise, the U.S. Attorney's Office, rather than Congress, would define what it means for an offense to be covered under the First Step Act. *Id.* In sum, Taylor's conviction for conspiring to distribute at least 5 kilograms of powder cocaine [*13] in addition to the 50 grams of crack cocaine may (as discussed below) affect the relief to which he is entitled, but it does not affect his eligibility in the first instance. *United States v. Taylor*, 2020 U.S. Dist. LEXIS 84332, 12-13.

In addition, the recent decisions in this jurisdiction have held that the judicial determination of drug weight during sentencing (*i.e.* his actual conduct) is not relevant to whether his offense is "covered" under the First Step Act. Instead, the focus must be on the statute under which he was convicted along with the weight of crack cocaine charged in the indictment or found by the jury. *United States v. Jones*, 2020 U.S. Dist. LEXIS 63846 at 7-8.

As in *Taylor,* Miedzianowki was sentenced to life imprisonment based on the sixth superseding indictment, jury verdict, and Pre Sentencing Report, all of which determined that he was found beyond a reasonable doubt of the defendant conspiracy to distribute or possess with intent to distribute 50 grams or cocaine base or more. At the time of conviction and sentencing, however, the quantity for mandatory minimum sentencing for such federal violations was only 50 grams of cocaine base, and has since been changed to 280 grams.

Whether Miedzianowski would have been found guilty of distributing more than 280 grams of cocaine base, it is not of issue to this Court as to his eligibility for relief under of the First Step Act, nor does the fact that he was also found guilty of other offenses, some of which may not have been "covered offenses" under the First Step Act. The recent decisions in this jurisdiction and all other throughout the country, have clearly addressed the issue of eligibility, and have concluded that the changes made by the Fair Sentencing Act, create an opportunity for defendants, such as Mr. Miedzianowski to be eligible for reduction in his sentence based on the prior sentencing guidelines. Mr. Miedzianowski is eligible for a reduction in his sentence.

**II.      THIS HONORABLE COURT SHOULD GRANT A REDUCTION IN SENTENCE FOR JOSEPH MIEDZIANOWSKI**

Once a Court makes a determination that a defendant may be eligible for a reduction of his sentence pursuant to the First Step Act, the Court's then has the discretion to decide whether it *should* reduce the original sentence imposed on an eligible defendant. *Shaw*, at 6.

In order to determine whether to exercise its discretion to grant a reduction of sentence, and thereby granting mercy on the defendant, the court should consider both the sentencing factors set forth in 18 U.S.C. § 3553(a),[10] and the defendant's post-sentencing conduct. *Id*. "Evidence of post-sentencing rehabilitation 'may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.'" *Mansoori*, 2019 U.S. Dist. LEXIS 211803, 2019 WL 6700166, at 5 (quoting *Pepper v. United States*, 562 U.S. 476, 491, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011)). In addition, the Court should note that Mr. Miedzianowski is 67 years old, an age in which the U.S. Sentencing Commission has found that the recidivism rate begins to decline substantially at age 50, and those offenders who are released after the age of 60, have the lowest rate of recidivism, at about 16 percent.[11]

As indicated in *Shaw*, a district court may consider evidence of a defendant's post-sentencing rehabilitation when deciding whether to impose a reduced sentence under the First

---

[10] *See United States v. Mansoori*, No. 97 CR 63-9, 2019 U.S. Dist. LEXIS 211803, 2019 WL 6700166, at 5 (N.D. Ill. Dec. 9, 2019); *see also United States v. Rose*, 379 F. Supp. 3d 223, 234 (S.D.N.Y. 2019) ("[E]ven if consideration of § 3553(a) factors is not expressly required by the First Step Act, the Court concludes that it is appropriate to use that familiar framework to guide the exercise of discretion conferred by the First Step Act").

[11] See also, "Recidivism Among Federal Drug Traffckers":, UNITED STATES SENTENCING COMMISSION https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170221_Recidivism-Drugs.pdf (2005).

Step Act.[12] This is because conduct after sentencing is "plainly relevant to 'the history and characteristics of the defendant'", "pertinent to 'the need for the sentence imposed", and may "critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Pepper*, 562 U.S. at 491; *United States v. Shaw,* 957 F.3d 734, 741, 2020 U.S. App. LEXIS 13549 at 14-15.

In light of the recent decisions in this jurisdiction, the Court should not assume that any defendant could have been indicted on a greater drug quantity. *United States v. Taylor,* 2020 U.S. Dist. LEXIS 84332 at 17. It is true that consistent sentencing for similarly situated offenders is important, *see United States v. Dorsey*, 567 U.S. 260 at 277-79 (2012) (noting concerns about "creating new anomalies—new sets of disproportionate sentences—not previously present" when applying new sentencing rules), but such concerns are outweighed by positive post-sentencing record. *Id*. Mr. Miedzianowski's post-sentencing record in the course of 22 years is exemplary. Mr. Miedzianowski has not had any disciplinary actions in the 258 plus months of incarceration. See Exhibits to Defendant's Motion to Reduce Sentence Pursuant to § 404 of the First Step Act of 2018, filed February 10, 2020.

---

[12] *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019), and *United States v. Jackson*, 945 F.3d 315, 322 n.7 (5th Cir. 2019); *see also United States v. Jackson*, 952 F.3d 492, 499 (4th Cir. 2020) (noting the Sentencing Commission's policy statements that are normally binding on a court in a sentence reduction under 18 U.S.C. § 3582(c)(2) are not binding on a court considering a First Step Act motion). For example, post-sentencing conduct may be relevant to § 3553(a) factors a court may wish to consider when determining whether to "impose a reduced sentence." First Step Act, § 404(b); *see, e.g.*, *Pepper v. United States*, 562 U.S. 476, 504, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011).

This Honorable Court should note that he has spent the last 20 years incarcerated with belief that he would be serving a life sentence in prison with no chance of parole. Mr. Miedzianowski has suffered a long and enduring sentence. As a result, he has missed out on the most of his children's lives, missed the birth of his grandchildren, deteriorated his marriage, and has been shamed as a police officer, not only by the Chicago Police Department, but the shame he lives with everyday. His life has literally been destroyed, and he suffers everyday while incarcerated. Moreover, the innocent family members of Mr. Miedzianowski have also suffered a great loss and have been punished as they have lost their father, brother, husband, uncle and friend. The suffering that his family has endured, who are innocent people, none of which are involved in any of the allegations or conduct involved in this case is beyond comprehensible. Mr. Miedzianowski has sufficiently been punished for the crimes he was convicted of for the last 22 years.

However, throughout the entire duration of Mr. Miedzianowski's sentence, his family has relentlessly remained by his side, hoping and praying for the day that he may get the relief he deserves. They pray for the day that they may have their dad, grandfather, brother, uncle back in their lives. Unfortunately, the family of Mr. Miedzianowski took an even heavier sentence than Mr. Miedzianowski, and they were never convicted of any crime. Therefore, this Court must take notice to desire and pleads of Mr. Miedzianowski's family to have him come home.

Furthermore, Mr. Miedzianowski has and continues to remain an exemplary inmate without ever knowing that he would ever have an ample opportunity for a reduction in his sente3nce prior to the enactment of the First Step Act of 2018. He has been sufficiently

punished for the alleged conduct he participated in to say the least. There is no evidence that could suggest that, as in accordance with the Unite States Sent., as 18 U.S.C. § 3553(a)(2)(A) suggests, that keeping Mr. Miedzianowski in jail for the rest of his life would "promote respect for the law" and "provide just punishment for the offense," more than the 22 years he has already served accomplished.

Evidence of post-sentencing rehabilitation `may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.'" *Mansoori,* 2019 WL 6700166, at 5 (quoting Pepper v. United States, 562 U.S. 476, 491 (2011)). Mr. Miedzianowski has engaged in numerous post-sentencing activities aimed at self-improvement. For example, not only has he completed a large number of educational and practical training courses (*see* Exhibit to Def. Motion to Reduce Sentence, filed Feb. 10, 2020). Mr. Miedzianowski currently works as a food service clerk at Pekin Federal Penitentiary since 2018, and prior to this position, he has held numerous positions including a warehouse clerk, head orderly, safety clerk, medical services orderly and commissary clerk tin the span of the 22 years he has been incarcerated and numerous federal penitentiaries. Mr. Miedzianowski is currently incarcerated in Pekin Federal Penitentiary; however he has spent the majority of his time in numerous out of state penitentiaries, always in general population, and still continued to steer clear of any trouble without any motivating factors and any hope of every being released from prison prior to the enactment of the First Step Act of 2018.

The defendant respectfully requests that this Honorable Court recognize Mr. Miedzianowski's compelling evidence of his conduct and achievements and family support while incarcerated. Mr. Miedzianowski has produced numerous letters in evidence of his family

support. As noted, Mr. MIedzianowski has already served almost twenty-two years in custody, a substantial chunk of his adult life. Mr. Miedzianowski is also now 67 years old, in which the a father to two adult children, a grandfather of five young grandkids, and uncle. Those family connections, together with his prospects for employment, bolster the court's expectation that he is capable of leading a law-abiding life upon release. If he is to be released, Mr. Miedzianowski will reside with his twin sister, Helen Aldini, and will be her full-time caregiver, as she is in grave health and in need of fulltime assistance. He will also assist in raising his five young grandchildren. His family will provide the adequate support and resources to ensure Mr. Miedzianowski lives the remainder of his life as a law-abiding citizen.

  The 258-month sentence Mr. Miedzianowski has served already recognizes the seriousness of the offense, the goal of adequate deterrence, and the desire to avoid unwarranted sentencing disparities. A reduction in his life sentence to a 258 months sentence served would be sufficient, but not greater than necessary, to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). Mr. Miedzianowski is now 67 years old, an age when recidivism is less likely and that he has no prior convictions. The Court should also take notice of the numerous cases in this jurisdiction that have granted relief to defendants with similar sentences, the statutory conviction that is now in effect as a result of the Fair Sentencing Act, which was unavailable at the time of his sentencing, the stellar post sentencing conduct, his family support, as well as the disparity in sentencing among other defendants in this particular case.

WHEREFORE, defendant, JOSEPH JEROME MIEDZIANOWSKI, respectfully requests this Honorable Court to grant his Motion to Reduce Sentence Pursuant to § 404 of the First Step Act of 2018, and reduce his sentence from a life sentence to a 258 month sentence.

Dated this 26th day of June, 2020.

                                                Respectfully Submitted,

                                                s/ Allison K. Muth

                                                Attorney for Defendant

Allison K. Muth
345 E. Wacker Drive, suite 4304
Chicago, Illinois 60601
(708) 205-1869
Allison.muth.law@gmail.com

**CERTIFICATE OF SERVICE**

I, Allison K. Muth, attorney for Defendant Joseph Jerome Miedzianowski, hereby certify that on Saturday, June 26, 2020, I filed the above described document(s) on the CM/ECF system of the United States District Court for the Northern District of Illinois, which constates service of the same.

                                                Respectfully Submitted,

                                                s/Allison K. Muth