

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 21-2358

UNITED STATES OF AMERICA,

                                                    *Plaintiff-Appellee*,

v.

JOSEPH J. MIEDZIANOWSKI,

                                                    *Defendant-Appellant*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:98-cr-00923-1 — **Virginia M. Kendall**, *Judge*.

_____

ARGUED JANUARY 24, 2023 — DECIDED FEBRUARY 24, 2023

_____

Before HAMILTON, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Appellant Joseph Miedzianowski is serving a life sentence for leading a criminal conspiracy while he was also working as a Chicago police officer. Two decades after his conviction, he moved the district court for a sentence reduction under Section 404(b) of the First Step Act. He asserted that a reduction was justified by his post-sentencing conduct, his advanced age, and what he says are

Case: 1:98-cr-00923 Document #: 1212 Filed: 05/16/23 Page 2 of 10 PageID #:4278
Case: 21-2358　　　Document: 00714196006　　　Filed: 05/16/2023　　　Pages: 10

2　　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. 21-2358

unwarranted disparities between his sentence and the sentences of similarly situated defendants. The district court found that defendant is legally eligible for relief but exercised its discretion to deny a reduction based on the seriousness of his crimes. On appeal, defendant argues that the court erred by failing to address several of his arguments and by not giving enough weight to his arguments in mitigation. We affirm. The court sufficiently addressed defendant's arguments and did not abuse its discretion by denying his motion.

I. *Factual and Procedural Background*

From about 1985 to 1998, Joseph Miedzianowski—then an officer of the Chicago Police Department—conspired to engage in racketeering activity that included distributing illegal drugs, extortion, money laundering, robbery, kidnapping, and bribery. Defendant used his authority as a police officer to promote and protect those activities. For example, he provided co-conspirators with guns, shared confidential information such as the identities of undercover officers, and attempted to influence the outcome of criminal cases.

Defendant was convicted of ten counts: conspiring to participate in racketeering activity, 18 U.S.C. § 1962(d); conspiring to distribute and to possess with intent to distribute more than 5 kilograms of cocaine, more than 50 grams of cocaine base, and unspecified quantities of heroin and marijuana, 21 U.S.C. §§ 846, 841(a)(1)(A); conspiring to commit extortion, 18 U.S.C. § 1951; using and carrying a firearm during and in relation to a violent or drug-trafficking crime, 18 U.S.C. § 924(c); distributing cocaine and cocaine base, 21 U.S.C. § 841(a)(1)(C); wire fraud, 18 U.S.C. § 1343; possessing stolen ammunition, 18 U.S.C. § 922(j); possessing

No. 21-2358 3

a dangerous weapon, 26 U.S.C. § 5861(d); and possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1)(B) (two counts).

At his original sentencing, the district court adopted sentencing guideline calculations in the presentence report, finding that defendant's conspiracy involved more than 150 kilograms of cocaine and 1.5 kilograms of cocaine base— larger quantities than the 5 kilograms of cocaine and 50 grams of cocaine base for which he was charged and convicted. Those quantities led to a base offense level of 38, plus enhancements for defendant's leadership role (4 levels), abuse of a position of trust (2 levels), and obstruction of justice (2 levels). Defendant's total offense level (46) was literally off the chart. Even with a criminal history category of I, the Guidelines called for life in prison.

The late Judge Manning sentenced defendant to two terms of life in prison for the racketeering and drug-distribution conspiracies, see 18 U.S.C. § 1962(d); 21 U.S.C. §§ 846, 841(a)(1)(A), and to shorter terms on the remaining counts. We affirmed in *United States v. Feliciano*, 168 F. App'x 743 (7th Cir. 2006).

In 2020, defendant moved to reduce his sentence under Section 404(b) of the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194 (2018). That law made retroactive the lower penalties enacted in the Fair Sentencing Act, Pub. L. No. 111–220, 124 Stat. 2372 (2010), to reduce the disparities between sentences for crack-cocaine and powder-cocaine offenses. See *Terry v. United States*, 141 S. Ct. 1858, 1860 (2021).

Motions under Section 404(b) of the First Step Act are analyzed in two steps. *United States v. Shaw*, 957 F.3d 734, 736

(7th Cir. 2020). First, the district court must determine whether the defendant is eligible for relief under the First Step Act. A defendant is eligible, broadly speaking, if he could have received a lower sentence under the Fair Sentencing Act of 2010 if that Act had been in effect at the time of the crimes. *Id.* at 737. Second, if the defendant is legally eligible, the court must exercise its discretion and weigh the sentencing factors of 18 U.S.C. § 3553(a) and decide whether to reduce the sentence. *Id.* at 736.

The district court here found, and the government agrees, that defendant was eligible for relief. The Fair Sentencing Act modified the statutory penalty for the drug-distribution conspiracy charge against him. See *Terry*, 141 S. Ct. at 1862. When defendant was sentenced for conspiring to distribute crack, among other drugs, the charged quantity of crack triggered a statutory range of 10 years to life. The Fair Sentencing Act reduced that range, prospectively, to 5 to 40 years.

To argue that he actually deserved a reduced sentence for which he was legally eligible, defendant cited, among other things, his post-sentencing conduct, advanced age, and family support. He submitted a letter apologizing for his actions, letters of support from friends and family, and evidence of his post-sentencing education, clean disciplinary record in prison, employment history, and low risk of recidivism. He also argued that his sentence was greater than those of co-defendants and other police officers.

The district court (Judge Kendall) acknowledged defendant's "positive post-sentencing disciplinary record, his age and reduced risk of recidivism, … the emotional impact of his continued incarceration on his family," and his contrition for his crimes, calling his steps to rehabilitate "admirable." The

Case: 1:98-cr-00923 Document #: 1212 Filed: 05/16/23 Page 5 of 10 PageID #:4281
Case: 21-2358     Document: 00714196006     Filed: 05/16/2023     Pages: 10

No. 21-2358                                                                5

court concluded, however, that those factors did not outweigh significant factors that favored denial of his motion. These included the need for general deterrence, and especially the seriousness of his crimes, misusing his status as a police officer for many years by leading a conspiracy that harmed the public, then perjuring himself, and threatening witnesses:

> Miedzianowski's direct role in the drug and gang activity impacted the health and safety of his community, including innocent citizens both across the city and across the country. The fact that Miedzianowski was a police officer who swore to uphold laws and protect his community only to trade upon the respectability such a position affords to further commit crimes only heightens the brazenness of his offense. Not to mention, even after he was caught, he engaged in perjury and threats toward witnesses who testified against him. Miedzianowski was no ordinary drug criminal.

Dkt. 1201 at 9. The court also explained that defendant's role in those offenses earned him "higher culpability" than his co-defendants, warranting his much heavier sentence. The court also noted that, based on the drug quantities and enhancements that were used at the original sentencing, and the current drug quantity table, defendant's guideline range would still be life in prison.

II. *Analysis*

On appeal defendant raises both procedural and substantive issues. We review procedural challenges de novo, but we review a district court's difficult, often intractable weighing of

competing factors in making substantive decisions only for a possible abuse of discretion. See, e.g., *United States v. Fowowe*, 1 F.4th 522, 526 (7th Cir. 2021).

First, defendant contends that the court made a procedural error by not acknowledging his mitigating evidence of his contrition, the letters from friends and family, the lower sentences of others, his post-sentencing conduct, and his low risk of recidivism.

District courts are obliged to explain their decisions and to show that they considered the parties' arguments, but they need not "articulate anything more than a brief statement of reasons." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). Here the district court expressly addressed many of these points that defendant claims it ignored. For example, the court acknowledged defendant's contrition, family support, age, and efforts to rehabilitate, as well as his sentencing-disparity argument. The court viewed these mitigating factors as outweighed by the seriousness of his offenses, which involved an extraordinary and prolonged and damaging abuse of public trust. The court considered adequately defendant's arguments in mitigation. See *id.*; *United States v. Newbern*, 51 F.4th 230, 233 (7th Cir. 2022) ("very brief" explanation for rejecting defendant's argument was sufficient).

Defendant next contends that the district court made a procedural error by not considering his argument that he would face reduced statutory penalties (down from life imprisonment) if he were sentenced after the enactment of the Fair Sentencing Act. In deciding a First Step Act motion, a district court must calculate a defendant's sentencing parameters "as they existed during the original sentencing and as they

presently exist." *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020).

The district court did so here when it ruled that defendant was eligible for a sentence reduction because the statutory penalties for his crack-cocaine offenses had dropped from 10 years to life in prison down to 5 to 40 years. Defendant responds that this was not enough. He contends that the court needed to restate his statutory ranges later in the order when it explained its discretionary reasons for denying his motion.

Judges are not required to repeat themselves. The court's order shows that the judge considered the current statutory ranges for both of defendant's cocaine convictions. See *United States v. Sanchez*, 989 F.3d 523, 540 (7th Cir. 2021) (sentencing decisions reviewed in context). Moreover, defendant's life sentences were for multi-drug convictions involving crack cocaine, powder cocaine, and other drugs. The Fair Sentencing Act had no impact on penalties for conspiring to possess and distribute powder cocaine. See 21 U.S.C. §§ 846, 841(a)(1)(A). Thus, even under the First Step Act, defendant's crimes would still be eligible for a life sentence, and the district court accurately noted that fact.

In his next procedural argument, defendant contests the guideline range that the district court used. He points out that today the law requires that facts that increase a statutory maximum or minimum sentence be either admitted or submitted to a jury and proven beyond a reasonable doubt. From this premise, he argues that the court should have calculated his new guideline range using the charged drug quantities decided by the jury rather than the actual drug quantities and enhancements used in calculating his guideline range for his

original sentencing. He claims the smaller charged drug quantities would lower his base offense level from 36 to 30.

The district court did not err. Defendant's argument reflects a fundamental misunderstanding of the *Apprendi* and *Alleyne* line of cases. Only facts increasing *mandatory* maximums and minimums must be submitted to the jury. See *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (statutory maximums); *United States v. Alleyne*, 570 U.S. 99, 103 (2013) (statutory minimums). The federal Sentencing Guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220, 245–46 (2005). Since the Guidelines became advisory in *Booker*, district judges have continued to be permitted to make their own factual findings that increase a guideline range. *United States v. Robinson*, 435 F.3d 699, 701–02 (7th Cir. 2006).

The original sentencing judge in defendant's case made findings to determine his guideline range. The judge reviewing his First Step Act motion was entitled to adopt those findings. See *Newbern*, 51 F.4th at 233. Defendant offers no good reason why the court should have recalculated the *guideline* range using the *statutory* quantities used in the indictment. These quantities are determined for different purposes using different procedures. They should not be confused. Similarly, defendant offers no support for his contention that the district court should have made its own separate factual findings at this stage. The First Step Act does not require the government to re-litigate guideline issues years and even decades after the original sentencing. When an argument is not "relevant and probative" to a court's review of a First Step Act motion, it does not require discussion. *Concepcion*, 142 S. Ct. at 2403–04.

Defendant next makes a substantive argument that we review for an abuse of discretion. He argues that the court

undervalued his mitigating evidence. The court explained what it considered to be aggravating and mitigating factors, including the need for general deterrence, defendant's leadership role in the conspiracy, the long period of his criminal activity, his abuse of power as a police officer, his regret, the effect his incarceration has on his family, and his age. After balancing all these competing factors, the court reasonably determined that they weighed against a sentence reduction. A defendant might wish that the district court had weighed the competing factors differently, but "[s]uch a thorough review of the relevant information is simply not an abuse of discretion." *United States v. Clay*, 50 F.4th 608, 613–14 (7th Cir. 2022).

Finally, defendant contends that the district court incorrectly analyzed the disparity between his sentence and the lower sentences received by other defendants who had more extensive criminal backgrounds. There was no abuse of discretion here. Defendant's sentence was within the guideline range, and the Guidelines inherently address disparities among defendants. *Id*. at 612–13; *Sanchez*, 989 F.3d at 541. The Guidelines also call upon district courts "to avoid only unwarranted disparities." *United States v. Moore*, 50 F.4th 597, 606 (7th Cir. 2022). The court explained here that defendant's actions warranted a longer sentence because he had "higher culpability" as the leader of the conspiracy.

Defendant's comparison with his police-officer co-defendant—who pleaded guilty—fares no better. Defendant was not similarly situated because he went to trial and did not acknowledge his wrongdoing. Defendant also offers no detailed or persuasive reason to support his argument that his sentence should be comparable to the average sentence of

Case: 1:98-cr-00923 Document #: 1212 Filed: 05/16/23 Page 10 of 10 PageID #:4286
Case: 21-2358   Document: 00714196006   Filed: 05/16/2023   Pages: 10

10                                                    No. 21-2358

other police officers, where the misconduct is highly varied. The district court did not abuse its discretion when addressing potential sentence disparities. *See id.*

One final note regarding appellate advocacy. Defendant's counsel implied quite clearly in her reply brief that she thought the judge who ruled on this motion was biased. Counsel wrote: "As a former prosecutor for the U.S. Attorney's office, and citing to the unsupported arguments of the prosecution, the district court focused on defendant's past conduct as the prosecution portrayed it." When asked about the point at oral argument, counsel asserted that she believed that evidence of bias may be based solely on a judge's prior employment as a federal prosecutor and acceptance of the government's arguments. This view is frivolous, see 28 U.S.C. § 455; *Liteky v. United States*, 510 U.S. 540, 555 (1994), and its assertion as a ground for appeal was entirely off-base. Nothing in this record even hints at judicial bias. It was defendant who built his record of unusually prolonged and serious crimes committed by abusing his position as a police officer. The district judge showed her fairness and lack of bias throughout these proceedings.

The district court's denial of defendant Miedzianowski's motion for a sentence reduction is AFFIRMED.